UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2004 JAN 26 PM 4: 22
TX EASTERN-BEAUMONT
BY Adele McMillan

| | | |
|---|---|---|
| JENNINGS TYSON GODSY, <br> Plaintiff, <br><br> v. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS, <br> Defendant. | § § § § § § § § | Civil Action No. _____ <br><br> Judge Heartfield  1:04CV0053 |

## ORIGINAL COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, JENNINGS TYSON GODSY ("GODSY"), files this Original Complaint, and complains of Defendant, National Board of Medical Examiners ("NBME"), and in support thereof, would show this Court as follows:

### NATURE OF THE ACTION

1.  This is an action for emergency, preliminary and permanent injunctive relief, and for attorneys' fees and costs incurred in bringing this action based on Defendant's refusal to provide reasonable accommodations to Godsey pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Godsy is a 4th year medical student at the University of Texas Medical School(the "Medical School") in San Antonio, Texas, and is required to pass the U. S. Medical Licensing Examination ("USMLE") Step 1 and Step 2 before the end of his 4th year. Godsy has previously applied for the Step 1 test and requested accommodations. The NBME denied his request and illegally refused to accommodate Godsy's disability. Because the NBME denied his request, Godsy was required to take the exam without accommodations and did not pass. Godsy applied for and took the examination a second time without accommodations and came within 3 points of passing the exam. Under the NBME rules, Godsy is only allowed one more opportunity

to take the Step 1 test. Concurrent with the filing of this complaint, Godsy is again applying for the Step 1 test and requesting accommodations for his disability.

2. Godsy requires additional time to take the tests as a reasonable accommodation of his learning disability, and by refusing to provide Godsy additional time to take the USMLE Step 1, the NBME is violating the ADA. Godsy seeks a preliminary and permanent injunction prohibiting the NBME from continuing its violation of Plaintiff's ADA rights and compelling the NBME to allow Godsy to take the Step 1 examination with appropriate accommodations and then the Step 2 exam with appropriate accommodations when he passes the Step 1 examination. NBME's actions are in violation of the ADA, including 42 U.S.C. § 12189.

## I. PARTIES

3. Godsy, has completed the 3rd year of instruction at the Medical School and his permanent residence is in Orange, Orange County, Texas. Godsy, who has been diagnosed with a learning disability, must take the USMLE Step 1 on or before the end of this school semester. Godsy's learning disability is one of neurocognitive functioning manifested in reading fluency and word decoding, recall of verbal material and basic factual information, and copying symbols below the level expected in comparison to most people and is a disability within the meaning of the ADA 42 USC §12102(2), and preventing standardized and group administered tests from providing a valid measure of his knowledge of test material.

4. Defendant, NBME, is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. NBME administers the USMLE, a single three-step examination, the successful completion of which is required for medical

licensure in the United States. Additionally, the level of performance on the USMLE is a primary determinant of the quality of institution for which a candidate will be accepted for residency training. Defendant has previously administered and will administer the USMLE Step 1 within the boundaries of this judicial district in 2004.

5. NBME engages in business in Texas and this judicial district and this action arises from those business activities. NBME, however, does not maintain a regular place of business in this state or this judicial district and does not have a designated agent for services of process in this state. Accordingly, under Texas Civil Practice and Remedies Code of 17.044(b), the Texas Secretary of State is a proper agent for service of process on NBME. NBME's principal place of business is 3750 Market St., Philadelphia, Pennsylvania 19104 and its registered agent in its state of incorporation is CT Corporation System, 1025 Vermont Ave., N.W., Washington, D.C. 20005.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the USMLE Step 1 in this district.

## III. FACTUAL ALLEGATIONS

8. Godsy is currently in his forth year of instruction at the University of Texas Medical School in San Antonio, Texas. As part of the requirements to continue in his medical training, Godsy is required to pass the USMLE Step 1. Godsy has previously applied for the exam and requested accommodations for his disability, however, the accommodations were denied. Since the NBME denied his request for accommodations, he was required to proceed without accommodations. On two occasions, he sat for the examination but did not pass. On his second attempt at the exam, he missed passing the test by 3 points. In order to continue his education, Godsy must complete both the USMLE Step 1 and Step 2 prior to the completion of his fourth year of instruction. He cannot sit for the Step 2 test until he has successfully completed the Step 1 test. Since he is currently in his fourth year, time is running out for Godsy and he must complete the Step 1 test soon so he will be eligible for the Step 2 test before the end of May 2004. Currently, Godsy is in the process of applying for the Step 1 test again, and will again be requesting reasonable accommodations from the NBME.

9. Although his learning disabilities were not formally diagnosed until the 10th grade, Godsy's learning disabilities date back to elementary and junior high school. Throughout high school and extending into his undergraduate work he continued to have difficulties regarding timed examinations and was granted accommodations which consisted of extra time and a separate testing room. During college, he was able to overcome the limitations caused by his disability through accommodations from his instructors, including extra time on time limited tests.

10. After his undergraduate training in engineering, Godsy took the national engineering examination. He was granted accommodations for that examination and passed.

11. Upon completion of his undergraduate studies, Godsy sought admission to medical school. Upon applying to take the MCAT, Godsy applied for and was granted accommodations of extra time and a separate room. With the accommodations, Godsy received a score on the MCAT which was high enough for admission into the University of Texas Medical School in San Antonio.

12. Based on the results of the MCAT, achieved with an accommodation, Godsy was admitted to the Medical School. The Medical School also has provided Godsy with the reasonable accommodation of additional time on exams taken to date in medical school. With the accommodations, Godsy successfully completed the first 3 years' courses at the Medical School.

13. Students at the Medical School (as in many medical schools in the United States) are requested to take and pass the USMLE Step 1 before starting the third year of medical school. The third year of school consists of "rotations," i.e., medical education through the practical application of the principles learned in the classroom. The Medical School requests Step 1 be taken before the third year begins to avoid interfering with the third year studies. Passing the Step 1 is a prerequisite to completing the third year, obtaining residency admission, and being able to sit for the final Step 2 and 3 examinations.

14. The NBME develops and administers the USMLE Step 1 at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

15. The NBME recognizes the right of disabled persons to accommodations by providing an application on which examinees can request test accommodations for the USMLE Step 1, including accommodations for learning disabilities like those suffered by Godsy.

16. Anticipating the completion of his second year of medical school, Godsy made application to take the USMLE Step. Godsy requested a test accommodation based on his disability. The request for accommodation was supported by the same information Godsy provided to the his undergraduate university, the national engineering examiners, the MCAT, and the Medical School that resulted in his being accommodated on the basis of a learning disability..

17. In a letter dated September 18, 2002, the NBME denied Godsy's request for an accommodation for the USMLE Step 1 claiming Godsy had not demonstrated that he was "significantly impaired in one or more life activities". Godsy completed the exam without accommodations, but did not pass. Prior to the NBME's denial of Godsy's request for accommodation, the NBME did not seek independently to examine Godsy, nor did not meet or interview or otherwise independently evaluate Godsy.

18. The facts establish that Godsy has definite learning disabilities that substantially limit his major life activities of learning, reading and writing as compared to most people. Under the ADA, Godsy is entitled to a reasonable accommodation of additional time to take the USMLE Step 1 exam. NBME's refusal to provide Godsy with

an accommodation of extra time for the USMLE Step 1 exam, despite knowing of Godsy's documented learning disabilities that are protected under the ADA, is a violation of Godsy's right under the ADA.

19. Godsy will be unable to complete his medical school education in the same manner as his classmates if he does not successfully complete the USMLE Step 1. Moreover, he will be placed at a distinct disadvantage of competing for quality residency positions if he must take the exam without accommodation for his disability. In the worst case scenario, Godsy's medical career and dream could end if he is unable to pass the USMLE Step 1, because the NBME will not accommodate his disability as required by the ADA.

### IV. COUNT I - VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

20. Godsy incorporates by reference Paragraphs 1 through 17 as though fully set forth herein.

21. Godsy is an individual with a disability as defined by the ADA because he has mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, 42 U.S.C. §12102(2)(A).

22. Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1 as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

7

23. The NBME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity administrator of the USMLE Step 1.

24. Pursuant to 28 C.F.R. § 36.309(b), the NBME must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

25. One reasonable accommodation for a disabled person, such as Godsy, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

26. Godsy has a learning disability that substantially limits his major life activities of learning, reading and writing. Godsy's condition which has been diagnosed through testing, examination and evaluation by experts in this field constitutes a disability within the meaning of the ADA.

27. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration

under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

28.    As noted above, Godsy has a learning disability that substantially impairs his ability to read and process the written word. His disability precludes him from learning, reading and writing in the same manner and in the same amount of time as most people. This learning disability substantially limits his activity of learning, reading, and writing, in comparison to most people and certainly in comparison to his peers, other medical students taking the USMLE.

29.    Failure in the taking of the USMLE, necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the USMLE is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the USMLE is a primary determinant of a candidate's job opportunities for residency. Thus, Godsy's entire future livelihood as a medical doctor rests on this exam.

30.    Godsy made formal written request of Defendant for reasonable accommodation for his disability in connection with taking the USMLE Step 1, i.e., double time to take the exam, an accommodation NBME has made to some people who have requested the accommodation. Such accommodations are consistent with the reasonable accommodations, he was provided to take the MCAT for entry into medical school, the informal accommodations he received during early and undergraduate studies, and the accommodations he has received at the Medical School in completing his education to date. The NBME has granted similar accommodations to other candidates in the past taking the Step 1 exam.

31. The NBME's refusal to provide the reasonable test accommodations Godsy requested for the USMLE Step 1 constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

32. Godsy will be irreparably harmed if the NBME continues its illegal refusal to provide him the reasonable test accommodation as requested and unless this Court grants preliminary injunctive relief prohibiting the continued violation of Godsy's ADA rights and compelling the NBME to provide the requested accommodation, in that (a) Godsy's medical school career will be placed on hold because a passing score on the USMLE Step 1 is a prerequisite to continuing his medical school education; (b) given his history with prior examinations, Godsy is justifiably concerned that he will not pass the USMLE Step 1 for the third time without the additional extra time accommodation to which he is entitled under the ADA; (c) Godsy's opportunity to engage in his career of choice is effectively on hold until the NBME is compelled to comply with the ADA; (d) Godsy will be unable to continue the same pace of his medical school career as his peers if he is unable to pass the USMLE Step 1 at this time; (e) requiring Godsy to take the USMLE Step 1 without accommodation, puts him at distinct disadvantage given his disability; (f) reduced performance on the USMLE Step 1 as a result of not receiving accommodation significantly reduces Godsy's future residency and professional career options; and (g) Godsy faces a future expulsion proceeding under the Medical School's policy if he takes and fails to pass the USMLE Step 1 in a timely manner.

33. The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

34. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Godsy with the ADA accommodations to which he is justly entitled.

35. As a result of the NBME's violation of the ADA, Godsy has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

36. The NBME in denying Godsy's request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Godsy's ADA rights.

37. Accordingly, under the ADA, Godsy is entitled to and hereby requests entry of a preliminary injunction directing the NBME immediately to cease and desist from its refusal to accommodate Godsy's requests for accommodation on the USMLE Step 1 and ordering that the NBME immediately comply with the ADA by allowing Godsy the requested accommodation of double the standard time to take the USMLE Step 1.

38. Further, Godsy is entitled to and hereby requests that the Court enter a permanent injunction directing that the NBME immediately to cease and desist its refusal to accommodate Godsy's request for an accommodation on the USMLE Step 1 and any future USMLE Step examinations to be taken by Godsy and that the NBME comply with the ADA by providing Godsy's requested accommodation with regard to the USMLE Step

1 and future USMLE examinations for which Godsy is otherwise entitled to sit and for which he otherwise makes proper application.

39. Additionally, Godsy is entitled to have his two previous tests stricken from his records and be allowed to take the test with accommodations up to three times if necessary.

## V. COUNT II - REQUEST FOR ATTORNEY'S FEES

40. Godsy incorporates by reference Paragraphs 1 through 37 as fully set forth herein.

41. 42 U.S.C. § 12188(a)(1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Godsy is entitled to recovery and, hereby, does request recovery of all reasonable attorney's fees, costs, and expenses incurred in the bringing and prosecution of this action.

## VI. REQUEST FOR PRELIMINARY INJUNCTION HEARING

42. Plaintiff requests that the court set a hearing so that the request for a preliminary injunction may be heard, and a preliminary injunction be ordered allowing Plaintiff to take the Step 1 exam with the reasonable accommodations he requires.

## VII. JURY DEMAND

43. Godsy hereby demands a trial by jury for all issues in this case that may be triable by a jury of his peers.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Godsy requests that this Court grant judgment in his favor and against the Defendant as follows:

1. enter a preliminary injunction directing that the NBME immediately cease and desist from its refusal to accommodate Godsy's request for reasonable accommodations on the USMLE Step 1 examination and ordering that the NBME immediately comply with the ADA by allowing Godsy the requested accommodation of double the standard time in which to take the USMLE Step 1 examination; and then the Step 2 examination,

2. order Defendant to appear on the date and time affixed by this Court to show cause, if any there be, why a preliminary injunction as prayed for above, should not be issued;

3. enter judgment in the form of a permanent injunctive order against Defendant directing NBME to immediately cease and desist from its refusal to accommodate Godsy's request for accommodation on the USMLE Step 1 examination and any future USMLE Step examinations for which Godsy is otherwise entitled to sit and for which he has made proper application and ordering NBME to comply with the ADA by allowing Godsy the requested accommodation of double the standard time to take any of the USMLE Step examinations;

4. enter a judgment ordering the NBME to remove Godsy's failed attempts at the USMLE Step 1 from his record, and allowing him to take the exam up to 3 times with accommodations if necessary;

5. enter judgment against the Defendant awarding such compensatory damages as may be proven by Godsy and to which he is entitled;

6. enter judgment against the Defendant awarding Godsy recovery of his reasonable attorney's fees, costs and expenses incurred in bringing and prosecuting this litigation; and

7. awarding such other and further relief as may be appropriate, in law or in equity, to which Godsy may otherwise by entitled.

Respectfully submitted,

BUSH, LEWIS & ROEBUCK, P.C.
1240 Orleans Street
Beaumont, Texas 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Texas Bar #12295300
Jeffrey T. Roebuck
Texas Bar #24027812

ATTORNEYS FOR PLAINTIFF
JENNINGS TYSON GODSY