IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2004 MAR 30 PM 4: 53
TX EASTERN-BEAUMONT
BY BC

| | | |
|---|---|---|
| JENNINGS TYSON GODSY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 1:04-CV-00053 |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant NATIONAL BOARD OF MEDICAL EXAMINERS files this Original Answer in response to Plaintiff's Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial ("Complaint"). Defendant responds as follows:

### FIRST DEFENSE

Plaintiff has failed to state a cause of action as contemplated by Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to allege the requisites necessary for injunctive relief of any kind, including the failure to assert sufficient claims of imminent harm and irreparable injury; substantial likelihood of success on the merits; and, that the injury faced by plaintiff outweighs the injury that would be sustained by defendant and others as a result of the injunctive relief. Further, plaintiff has failed to sufficiently plead that the granting of the injunctive relief sought would not adversely affect public policy or the public interest.

## SECOND DEFENSE

Plaintiff has failed to comply with Local Rule CV-65, which requires that applications for temporary restraining orders or preliminary injunctions, to the extent Plaintiff may claim any such relief, must be made in instruments separate from a complaint.

## THIRD DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred by laches.

## FOURTH DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred by Plaintiff's unclean hands in, for example, unduly delaying in pursuing a remedy in court if plaintiff deemed such a remedy appropriate, in delaying serving defendant with process, and by attempting to secure court-ordered relief with regard to tests for which academic and private remedies have never been pursued.

## FIFTH DEFENSE

Plaintiff lacks standing and cannot demonstrate harm with respect to either Step 1 or Step 2 of the United States Medical Licensing Examination ("USMLE") because plaintiff has not submitted a current application to take either test. Further, plaintiff declined to take the Step 1 test for which he requested accommodations on or about April 12, 2002 and took only two Step 1 tests for which no requests for accommodation had been made. Plaintiff, likewise, lacks standing and cannot demonstrate harm with respect to Step 2 and any other subsequent tests in the series because plaintiff has never followed Defendant's requirements

for application for accommodations with respect to Step 2 or any other subsequent tests, nor made any showing of entitlement to accommodations for such tests.

## SIXTH DEFENSE

Plaintiff has failed to exhaust available academic and/or administrative remedies.

## SEVENTH DEFENSE

Plaintiff's alleged damages (the entitlement to which is expressly denied) are limited and/or prohibited by statute or other law.

## EIGHTH DEFENSE

Defendant has legitimate, nondiscriminatory reasons for its decisions regarding Plaintiff. Plaintiff was not the subject of unlawful discrimination. All of Defendant's actions regarding Plaintiff were reasonable and taken in good faith.

## NINTH DEFENSE

Without waiving the foregoing affirmative defenses, Defendant responds to the allegations contained within Plaintiff's Complaint on a paragraph-by-paragraph basis as follows:

1. With respect to the allegations contained within the first sentence of paragraph 1 of Plaintiff's Complaint, Defendant is not required to admit or deny such allegations, but denies that it has violated the Americans with Disabilities Act ("ADA"). With respect to the allegations contained within the second sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a medical student at University of Texas, San Antonio and is without sufficient information and belief to admit or deny that

Plaintiff is a fourth year medical student and must take and pass USMLE Step 1 and Step 2 before the end of his fourth year. With respect to the allegations contained within the third sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff requested accommodations for the Step 1 for which he applied in an application dated April 12, 2002. Defendant denies that Plaintiff requested accommodations for the Step 1 tests which he took on July 25, 2003 or on November 14, 2003. With respect to the allegations contained within the fourth sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits that it denied Plaintiff's April 12, 2002 request for accommodations, but denies that it has, or is, violating any rights Plaintiff may have under the ADA.

With respect to the allegations contained within the fifth sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits only that the Plaintiff took USMLE Step 1 on July 25, 2003 and November 14, 2003, without accommodations for those administrations, and failed to achieve a passing score on either attempt. With respect to the allegations contained within the sixth sentence of paragraph 1 of Plaintiff's Complaint, Defendant admits only that the Plaintiff took USMLE Step 1 for the second time on November 14, 2003 and failed to achieve a passing score. Defendant denies that Plaintiff's score on the Step 1 was within three (3) points of the recommended passing score.

With respect to the allegations contained within the seventh sentence of paragraph 1 of Plaintiff's Complaint, Defendant denies that under NBME rules Godsy is allowed only one more opportunity to take Step 1. With respect to the allegations in the last sentence, as of the filing of this answer, Defendant denies that the Plaintiff has submitted a current

application to take Step 1, but agrees that Plaintiff has submitted, post-suit, a letter generally requesting accommodations in connection with USMLE, though he has no active applications on file.

2. With respect to the allegations contained within the first sentence of paragraph 2 of Plaintiff's Complaint, based upon information and belief and the documents submitted by the Plaintiff in connection with his April 12, 2002 request for accommodations, Defendant denies that Plaintiff has been diagnosed with a learning disability which requires the granting of additional testing time as a reasonable accommodation on the Step 1 examination. Defendant further denies that it violated the Plaintiff's rights under the ADA. With respect to the allegations contained within the second sentence of paragraph 2 of Plaintiff's Complaint, Defendant is not required to admit or deny such allegations, but denies that it has violated the ADA in any regard. Defendant denies the remaining allegations of paragraph 2 and denies that Plaintiff is entitled to any of the relief sought.

3. With respect to the allegations contained within the first sentence of paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny such allegations. With respect to the remaining allegations contained within the second sentence of paragraph 3 of Plaintiff's Complaint, Defendant denies that Plaintiff has been appropriately diagnosed with a disability as that term is defined in the ADA. Defendant is without sufficient information to admit or deny whether Plaintiff must take USMLE Step 1 test "on or before" the end of this school semester. With respect to the

remaining allegations contained within the third sentence of paragraph 3 of Plaintiff's Complaint, Defendant denies such allegations.

4. With respect to the first sentence of paragraph 4, Defendant admits such allegations. With respect to the second sentence of paragraph 4, Defendant admits such allegations. With respect to the allegations contained within the third sentence of paragraph 4 of Plaintiff's Complaint, Defendant admits only that the level of performance on the USMLE Step 1 and/or Step 2 may be a determinant in regard to acceptance to residency training. With respect to the allegations contained within the fourth sentence of paragraph 4 of Plaintiff's Complaint, Defendant admits such allegations.

5. With respect to the allegations contained within the first sentence of paragraph 5 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the second through fourth sentences of paragraph 5 of Plaintiff's Complaint, Defendant admits that 3750 Market St., Philadelphia, Pa 19104 is its principal place of business and admits it has been served in this lawsuit.

6. With respect to the allegations contained within paragraph 6 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over this action, but denies that it is subjecting Plaintiff to discrimination on the basis of a disability in violation of Title III of the ADA.

7. With respect to the allegations contained within paragraph 7 of Plaintiff's Complaint, Defendant does not contest venue in this Court, but denies that it is engaging in or has engaged in any unlawful acts in this judicial district.

8. With respect to the allegations contained within the first and second sentences of paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the third sentence of paragraph 8 of Plaintiff's Complaint, Defendant admits such allegations with regard to a Step 1 test only. With respect to the allegations contained within the fourth sentence of paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny such allegations. With respect to the allegations contained within the fifth sentence of paragraph 8 of Plaintiff's Complaint, Defendant admits such allegations. With respect to the allegations contained within the sixth sentence of paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff failed to achieve a passing score, but denies that the score obtained from this administration was three points lower than the recommended passing score. With respect to the allegations contained within the seventh sentence of paragraph 8, Defendant is without sufficient information to admit or deny such allegations. With respect to the allegations contained within the eighth sentence of paragraph 8 of Plaintiff's Complaint, Defendant denies that it has any requirement that Plaintiff, or any other examinee, successfully complete Step 1 before being eligible to take Step 2. With respect to the allegations contained within the ninth sentence of paragraph 8, Defendant is without sufficient information to admit or deny such allegations, but denies that it has any requirement that Plaintiff, or any other examinee, successfully complete Step 1 before being eligible to take Step 2. With respect to the allegations contained within the tenth sentence of paragraph 8, Defendant is without sufficient information to admit or deny whether plaintiff

is in the process of applying for Step 1 again. Defendant admits that in February 2004, plaintiff sent defendant a general letter requesting accommodations on USMLE.

9. With respect to the allegations contained within paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. However, Defendant denies that any diagnoses disclosed by the Plaintiff to it have entitled Plaintiff to the accommodations requested, now or in the past.

10. With respect to the allegations contained within paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations.

11. With respect to the allegations contained within paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations, but admits only that it has been informed that Plaintiff was accepted to the University of Texas Medical School, San Antonio.

12. With respect to the allegations contained within paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations and admits only that, based on information and belief, Plaintiff was admitted to the University of Texas Medical School in San Antonio and has been provided with additional time on examinations in medical school, but Defendant denies that such accommodations are reasonable or required under the ADA.

13. With respect to the allegations contained within paragraph 13 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such

allegations, except Defendant denies that it has any requirement that passing Step 1 is a prerequisite to taking Step 2.

14. With respect to the allegations contained within paragraph 14 of Plaintiff's Complaint, Defendant admits that it develops the USMLE and, through a computer testing vendor, administers the USMLE at various sites throughout the United States and throughout the year. Defendant admits that each student's scores on the USMLE Step 1 are reported to that student's medical school, unless that student requests otherwise.

15. With respect to the allegations contained within paragraph 15 of Plaintiff's Complaint, Defendant admits it recognizes the rights of disabled persons under the ADA, and admits that individuals may request, and may be provided with, accommodations on the USMLE Step 1 exam, but denies that Plaintiff is an individual with a disability under the ADA.

16. With respect to the allegations contained within the first sentence of paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient information to admit or deny such allegations except that Defendant admits that Plaintiff on April 12, 2002, Plaintiff applied for accommodations on the Step 1 test. With respect to the allegations contained within the second sentence of paragraph 16 of Plaintiff's Complaint, Defendant admits that Plaintiff requested test accommodations, but denies that he is disabled within the meaning of the ADA. With respect to the allegations contained within the third sentence of paragraph 16 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations.

17. With respect to the allegations contained within the first sentence of paragraph 17 of Plaintiff's Complaint, Defendant admits that it has denied Plaintiff's request for an accommodation for the USMLE Step 1 test and states that the letter dated September 18, 2002, is the best evidence of what was stated in that letter. With respect to the allegations contained within the second sentence of paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff has taken the Step 1 examination on two separate occasions without requesting or receiving accommodations and has failed to achieve a passing score. With respect to the allegations contained within the third sentence of paragraph 17 of Plaintiff's Complaint, Defendant admits that it has not examined, met with, or interviewed Plaintiff, but denies that it has not independently evaluated documentation submitted by or on behalf of Plaintiff.

18. With respect to the allegations contained within paragraph 18 of Plaintiff's Complaint, Defendant denies such allegations.

19. With respect to the allegations contained within the first sentence of paragraph 19 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the second sentence of paragraph 19 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations, but denies that Plaintiff has a disability protected under the ADA. With respect to the allegations contained within the third sentence of paragraph 19 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations, but denies that Plaintiff has a disability

protected by the ADA. 20. Defendant is not required either to admit or deny the statement contained in paragraph 20 of Plaintiff's Complaint. Defendant relies upon and reasserts its previous responses to the allegations of paragraphs Nos. 1-17.

21. With respect to the allegations contained within paragraph 21 of Plaintiff's Complaint, Defendant denies such allegations.

22. With respect to the allegations contained within paragraph 22 of Plaintiff's Complaint, Defendant denies that Plaintiff has made the appropriate statutory cite but admits that Title III of the ADA prohibits discrimination against persons with disabilities in certain professional examinations, including the USMLE Step 1.

23. With respect to the allegations contained within paragraph 23 of Plaintiff's Complaint, Defendant admits that 42 U.S.C. § 12189 applies in the context of this lawsuit because Defendant is an entity which offers the USMLE Step 1 examination.

24. With respect to the allegations contained within paragraph 24 of Plaintiff's Complaint, Defendant admits that 28 C.F.R. § 36.309(b) is one of the regulations the Department of Justice issued to implement Title III of the ADA, but denies that Plaintiff has precisely quoted that regulation.

25. With respect to the allegations contained within paragraph 25 of Plaintiff's Complaint, Defendant denies that Plaintiff is disabled, as that term is recognized by the ADA, but admits that one accommodation which may be offered to persons who are disabled under the ADA is more time to complete the Step 1 exam.

26. With respect to the allegations contained within paragraph 26 of Plaintiff's

Complaint, Defendant denies such allegations.

27. With respect to the allegations contained in the first sentence of paragraph 27 of Plaintiff's Complaint, defendant does not disagree with the allegation as phrased. With respect to the allegations contained within the second sentence of paragraph 27 of Plaintiff's Complaint, Defendant admits the Department of Justice has issued regulations that include "learning" and "working" within the definition of major life activities. With respect to the allegations contained within the third sentence of paragraph 27 of Plaintiff's Complaint, Defendant denies such allegation as phrased and cannot respond further. With respect to the allegations contained within the fourth sentence of paragraph 27 of Plaintiff's Complaint, Defendant admits only that Plaintiff has accurately cited the quoted portion of Appendix B to Part 36 of Title 28 of the Code of Federal Regulations. With regard to all allegations set forth in paragraph 27, defendant asserts that each plaintiff's status and abilities must be evaluated on an individualized basis, and the application of the statutes, regulations, and interpretive case law must necessarily be determined on an individualized basis.

28. With respect to the allegations contained within paragraph 28 of Plaintiff's Complaint, Defendant denies such allegations.

29. With respect to the allegations contained within the first sentence of paragraph 29 of Plaintiff's Complaint, Defendant admits such allegations are typically correct with respect to practicing medicine, but not with respect to being a medical doctor. With respect to the allegations contained within the second sentence of paragraph 29 of Plaintiff's Complaint, Defendant admits that individuals must typically pass the USMLE exams, among other things, in order to practice medicine in the United States, but is without

sufficient information either to admit or deny whether the level of performance on the USMLE is a "primary determinant" of a candidate's job opportunities for residency. With respect to the allegations contained within the third sentence of paragraph 29 of Plaintiff's Complaint, Defendant denies that Plaintiff's entire future livelihood as a medical doctor rests on this particular exam.

30. With respect to the allegations contained within the first sentence of paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff has made a written request for an accommodation in connection with the Step 1 exam, denies that Plaintiff has a disability within the meaning of the ADA, and admits that it has accommodated certain individuals with disabilities by providing them additional time to take the Step 1 exam. With respect to the allegations contained within the second sentence of paragraph 30 of Plaintiff's Complaint, Defendant is without sufficient information either to admit or deny such allegations. With respect to the allegations contained within the third sentence of paragraph 30 of Plaintiff's Complaint, Defendant admits only that it has granted accommodations in the past to qualified disabled individuals in connection with the Step 1 exam.

31. With respect to the allegations contained within paragraph 31 of Plaintiff's Complaint, Defendant denies such allegations.

32. With respect to the allegations contained within paragraph 32 of Plaintiff's Complaint, Defendant denies such allegations.

33. With respect to the allegations contained within paragraph 33 of Plaintiff's

Complaint, Defendant denies such allegations.

34. With respect to the allegations contained within the first sentence of paragraph 34 of Plaintiff's Complaint, Defendant denies such allegations. Defendant admits the allegations contained within the second sentence of paragraph 34 of Plaintiff's Complaint. With respect to the allegations contained within the third sentence of paragraph 34 of Plaintiff's Complaint, Defendant denies such allegations.

35. With respect to the allegations contained within paragraph 35 of Plaintiff's Complaint, Defendant denies such allegations.

36. With respect to the allegations contained within paragraph 36 of Plaintiff's Complaint, Defendant denies such allegations.

37. With respect to the allegations contained within paragraph 37 of Plaintiff's Complaint, Defendant denies such allegations and denies that Plaintiff is entitled to the requested relief.

38. With respect to the allegations contained within paragraph 38 of Plaintiff's Complaint, Defendant denies such allegations and denies that Plaintiff is entitled to the requested relief.

39. With respect to the allegations contained within paragraph 39 of Plaintiff's Complaint, Defendant denies such allegations.

40. Defendant is not required either to admit or deny the statement contained in paragraph 40 of Plaintiff's Complaint. Defendant reasserts and relies upon its previous responses to paragraphs No. 1-37.

41. With respect to the allegations contained within the first sentence of paragraph 41 of Plaintiff's Complaint, Defendant denies such allegations. With respect to the allegations contained within the second sentence of paragraph 41 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of his requested relief.

42. Defendant is not required to admit or deny the statement contained in paragraph 42 of the Plaintiff's Complaint.

43. Defendant is not required either to admit or deny the statement contained in paragraph 43 of Plaintiff's Complaint.

44. With respect to Plaintiff's "Prayer" portion of his Complaint, inclusive of all subparts, Defendant denies that Plaintiff is entitled to any of the requested relief and denies that it is not in compliance with the ADA in regard to its actions relating to Plaintiff.

45. Any allegation contained in Plaintiff's Complaint that is not specifically admitted above is hereby specifically denied.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing from Defendant and that Defendant recover its attorneys' fees, costs, expenses and other relief to which it is entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.
Attorneys for Defendants

By: *Elizabeth Pratt*
ELIZABETH B. PRATT, Of Counsel
State Bar No. 16239450

Post Office Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5177

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded via certified mail, return receipt requested to the following on this the _30_ day of March, 2004:

Mr. Kenneth W. Lewis
Mr. Jeffrey Roebuck
Bush, Lewis & Roebuck, P.C.
1240 Orleans Street
Beaumont, Texas 77701

ELIZABETH B. PRATT