IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
P.M. _April 8_ 20 _04_
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

| | | |
|---|---|---|
| JENNINGS TYSON GODSY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 1:04-CV-00053 |
| | § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S ORIGINAL COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

TO THE HONORABLE DISTRICT JUDGE:

Defendant National Board Of Medical Examiners ("NBME") submits this Brief in Opposition to Plaintiff's Original Complaint For Emergency Injunctive Relief and Demand for Jury Trial and shows the Court as follows:

### I.

### BACKGROUND

The United States Medical Licensing Examination™ ("USMLE") is an examination relied upon by the medical licensing boards of all 50 states and the territories of the United States as an indication of the competency of individuals who aspire to become physicians. Defendant, together with the Federation of State Medical Boards, develops the USMLE and is responsible for ensuring that the USMLE effectively and impartially tests the ability of individuals seeking medical licensure to apply knowledge, concepts, and principles that are

important in health and disease and that constitute the basis of safe and effective patient care. As a screening process for physicians, the USMLE tests the minimum knowledge required to be a physician, and, therefore, the integrity of the exam is essential. Because of the quality and integrity of the USMLE, medical licensing boards voluntarily rely on the exam as an indicator of an individual's abilities and competency and require successful completion of the three-step exam as a prerequisite to obtaining a license to practice medicine.

## II.

## ARGUMENTS AND AUTHORITIES

Plaintiff has not met the heightened legal standard under which a mandatory preliminary injunction may be granted and, therefore, his request for preliminary injunctive relief must be denied.

### A. Plaintiff Is Seeking Mandatory Injunctive Relief And Therefore, Under The Appropriate Standard, Must Show Clear Entitlement To Relief By Satisfying Each Of The Four Elements Required For A Temporary Injunction.

#### 1. Mandatory Preliminary Injunction Standards

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir. 2000) (*citing White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). Further, mandatory preliminary injunctions, which go well beyond simply maintaining the status quo, are "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976) (*citing Exhibitors Poster Exch., Inc. v. National Screen Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) ("when a plaintiff applies for

a mandatory preliminary injunction, such relief should not be granted except in rare circumstances in which the facts and law are clearly in favor of the moving party."). "Only in rare circumstances is the issuance of a mandatory preliminary injunction proper." *Tate v. American Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981). Under Fifth Circuit law, in order to secure a preliminary injunction, the movant has the burden of proving all of the following four elements:

   (1)   A substantial likelihood of success on the merits;
   (2)   A substantial threat or irreparable injury if the injunction is not granted;
   (3)   The threatened injury to the movant outweighs any harm to the non-movant that may result from the injunction; and
   (4)   Granting the injunction will not undermine or disserve the public interest.

*See Evergreen Presbyterian Ministries*, 235 F.3d at 918; *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). If Plaintiff fails to establish any one of the four elements, the preliminary injunction must be denied. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990); *see also Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, et al.*, 762 F.2d 464, 472 (5th Cir. 1985) ("the movant has a heavy burden of persuading the district court that all four elements are satisfied"). Thus, if Plaintiff fails to meet any one of the elements, he is not entitled to injunctive relief.

   2.   **Plaintiff Is Under A Heightened Standard Of Proof Because He Seeks A Mandatory Injunction.**

Through this eleventh hour attempt to pressure Defendant and the court, Plaintiff seeks to place the Defendant in the position of administering the Step 1 exam - - for which Plaintiff has made no current application - - with the requested accommodations without the

opportunity for a trial on the merits with related preparatory discovery.[1]

Importantly, **Plaintiff is not merely asking the Court to preserve the status quo**. Rather, Plaintiff is asking the Court to compel the NBME to provide him with double the normal allotted time to take the USMLE Step 1 exam in May 2004, thereby altering the status quo and, indeed, irrevocably granting Plaintiff the full principal relief he seeks. Because Plaintiff is seeking a **mandatory** preliminary injunction, he carries the heavier burden of showing **clear entitlement** to the relief under the facts and the law, which requires that he establish each of the four elements, including a substantial likelihood of success on the merits and irreparable harm. *Justin Indus., Inc. v. Choctaw Sec., L.P.*, 747 F. Supp. 1218, 1220 (ND. Tex. 1990), *aff'd*, 920 F.2d 262 (original case citing *Exhibitors*, 441 F.2d at 561 ("when a plaintiff applies for a mandatory preliminary injunction, such relief should not be granted except in rare circumstances in which the facts and the law are clearly in favor of the moving party").

Plaintiff must show that the facts and the law are clearly in his favor. *Exhibitors*, 441 F.2d at 561; *Martinez*, 544 F.2d at 1243; *Mathis v. Connecticut Gen. Life Ins. Co.*, 882 F. Supp. 92, 94 (N.D. Tex. 1994) ("plaintiff bears a heavier burden because she is seeking a mandatory preliminary injunction"); *Justin Indus., Inc.*, 747 F.Supp. at 1220 (because plaintiff seeks a mandatory preliminary injunction, he carries a heavier burden of showing a clear entitlement to the relief under the facts and the law). *See also Dominion Video Satellite, Inc. v. Echostar Satellite Corp., et al*, 269 F.3d 1149, 1154-55 (10th Cir. 2001)

---

[1] For example, Defendant has not been able to secure information to support Defendant's position from the medical school, nor from plaintiff's other schools or the professionals who have evaluated him. On April 6, 2004, Plaintiff for the first time provided Defendant with a report from a new expert, Donald Trahan, Ph.D., but Defendant has not had an opportunity to secure or review Dr. Trahan's testing data, nor had an opportunity to analyze Dr. Trahan's report.

(movant for mandatory injunction has "a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction"). Thus, under the applicable standard for determining entitlement to a mandatory preliminary injunction, Plaintiff must establish a substantial likelihood of success on the merits, not a theoretical chance.

Plaintiff also bears the burden of establishing that he will suffer irreparable harm in the absence of injunctive relief. Contrary to Plaintiff's contention, the mere provision of injunctive relief as one of the remedies available under Title III of the ADA does not negate the requirement that he prove irreparable harm. The Supreme Court addressed this issue in *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531 (1987), and held that a statutory provision for injunctive relief does not deprive the courts of their discretion to determine the propriety of granting injunctive relief. *Amoco Production Co.*, 480 U.S. at 542. In reversing a Ninth Circuit opinion that presumed irreparable harm, the *Amoco* court stated that the presumption of harm applied by the Ninth Circuit was "contrary to traditional equitable principles" and held that establishing irreparable harm is one of the requirements for granting injunctive relief. *Id.* at 545. Citing its prior precedent, the court also stated:

> [The] grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a **federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law** . . . .Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied.

*Id.* at 543-44 (emphasis added) (citing *Weinberger v. Romero-Barcelo*, 456.U.S. 305, 313, 102 S.Ct. 1798, 1803 (1982)). The ADA does not restrict a court's jurisdiction in equity or otherwise mandate that a district court issue injunctive relief for individuals claiming

discrimination under the statute. Accordingly, there is no presumption of irreparable harm under the ADA, and the Court is not required to grant Plaintiff injunctive relief without a showing of irreparable harm.

### B. Plaintiff Is Not Disabled Under The ADA And Cannot Demonstrate A Substantial Likelihood Of Success On The Merits.

Plaintiff cannot demonstrate a substantial likelihood that he will prevail on the merits of his underlying claim. To succeed on the merits of his claim, Plaintiff must establish that he suffers from a physical or mental impairment that substantially limits one or more of his major life activities and is therefore disabled under the ADA and entitled to reasonable accommodation by the NBME. *See Gonzales v. National Bd. Of Med. Examn'rs*, 225 F.3d 620, 626 (6th Cir. 2000), *cert. denied.* For the reasons discussed in Defendant's *Memorandum of Law: The Americans with Disabilities Act*, which Defendant incorporates by reference, and as will be established at the hearing of this matter, Plaintiff has not proven that he is a disabled individual entitled to reasonable accommodation under the ADA. Specifically, Plaintiff has failed to prove that his alleged impairment substantially limits any of his major life activities or that the requested accommodations are material to the Step 1 exam. Accordingly, because Plaintiff has not proven a likelihood of success on the merits of his claim, the Court must deny Plaintiff's request for a preliminary injunction.

### C. Plaintiff Has Not Demonstrated That There Is No Adequate Remedy At Law Or That He Will Suffer Irreparable Harm In The Absence Of A Preliminary Injunction.

#### 1. Plaintiff Claims Entitlement To A Legal Remedy (Compensatory Damages).

The Court's denial of a preliminary injunction will not cause Plaintiff irreparable

harm and will not deprive him of an adequate remedy at law. Plaintiff will have an adequate remedy at law upon the conclusion of a trial on the merits. After a trial is held, the Court can determine whether Plaintiff is entitled to such a remedy. If the Court finds that the Plaintiff is entitled to the accommodation that he seeks from the NBME, he will be entitled to take Step 1 of the USMLE with accommodation at a later date.[2]

Moreover, Plaintiff seeks compensatory damages. (Complaint, ¶ 5 of Prayer) Plaintiff's request for compensatory damages is an admission that money damages can atone for any damages claimed by Plaintiff, in contravention of the standard for entitlement to preliminary injunctive relief. It is well established that a mandatory preliminary injunction is inappropriate where monetary damages may suffice. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2nd Cir. 1990) ("Where money damages are adequate compensation a preliminary injunction should not issue."). Because Plaintiff has not established the lack of an adequate remedy of law in the absence of an injunction, and has requested monetary damages, his motion must be denied.

    **2.    Plaintiff Cannot Prove He Will Be Irreparably Harmed If A Preliminary Injunction Mandating An Accommodation Is Not Granted.**

This is a case in which irreparable harm does not exist. Plaintiff claims that taking Step 1 of the USMLE is a prerequisite imposed by the medical school for beginning his third year of classes. (Complaint, ¶ 13) He also alleges that actually passing Step 1 is a prerequisite to completing that third year. (Complaint, ¶ 13) Inconsistently, plaintiff then claims that he has already completed his third year - - without passing the Step 1 exam.

---

[2] Notably, NBME does not restrict Plaintiff's ability to take Step 1 after May 2004, nor the number of times Plaintiff may take Step 1.

(Complaint, ¶ 3, 8, 12) Plaintiff claims that his future residency and medical training opportunities will be jeopardized and that "his whole future as a physician may be impacted by this one exam." (Complaint, ¶ 4, 19)

Plaintiff's contentions are not based on fact, but merely upon speculation. Such conjecture will not support a finding of irreparable injury. *See Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975).

The key word when considering irreparable harm is that the harm must be "irreparable." *Enterprise*, 762 F.2d at 472-73; *Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L.Ed. 2d 166 (1974). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Morgan*, 518 F.2d at 239. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Id.*

Additionally, the primary justification for granting a preliminary injunction is to preserve the court's ability to render a meaningful decision after a trial on the merits. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 627 (5th Cir. 1985); *Callaway*, 489 F.2d at 576. If, after a trial on the merits, the Court were to find in Plaintiff's favor, Plaintiff may take the exam at a later date. A preliminary injunction is not necessary to preserve the Court's ability to render a meaningful decision on the merits because Plaintiff will not be precluded from taking the exam with accommodation if the Court finds in his favor. In other words, irreparable harm will not result in the absence of a preliminary injunction because Plaintiff will still be provided an opportunity to take advantage of any corrective action the Court might grant to Plaintiff after his claim is fully litigated.

Finally, to the extent that Plaintiff asserts that he will be irreparably harmed, he has placed himself in that position. He requested accommodations for Step 1 in April **2002**. His request was denied in September **2002**. He waited until January 26, **2004** to file suit and until March 10, 2004 to serve the Defendant. Plaintiff has placed himself in this time circumstance because he elected to wait approximately 16 full months to seek injunctive relief, if he intended to pursue his initial request for accommodation.

### D.  Plaintiff Has Not Established That Any Injury He May Suffer Outweighs The Harm A Preliminary Injunction Would Cause The NBME.

The NBME is faced with certain harm should the Court grant the preliminary injunction as requested by Plaintiff. The integrity of the NBME would be severely compromised if the Court were to compel the NBME to provide Plaintiff with an accommodation to which he is not entitled before the matter has been fully litigated. The NBME is a gatekeeper for medical licensing boards, entrusted with the responsibility of ensuring that the USMLE impartially and fairly identifies those individuals possessing the minimum knowledge required to be a physician. In order to maintain the integrity of the exam, the NBME stringently endeavors to be sure all examinees are tested on equal footing and that no examinee or group of examinees receives an unfair advantage.

To accomplish this goal, the NBME carefully reviews applications, and, where appropriate, provides accommodations to examinees with appropriately documented disabilities. The NBME cannot and will not grant a request for an accommodation to an examinee who is not actually disabled under the ADA. Plaintiff's motion asks the Court to do just that; his motion asks the Court to compel the NBME to make an exception to its standards and permit Plaintiff double time in which to take the exam, even though he has not

demonstrated that he is disabled within the meaning of the ADA. Were the NBME compelled to provide an accommodation to an individual who does not have appropriately documented disabilities, the integrity of the NBME and its ability to fairly and accurately screen potential physicians would be seriously jeopardized. Indeed, the harm to the NBME would be extreme because if Plaintiff receives accommodations to which he is not entitled, he will be given an unfair advantage over others. He would be receiving preferential, not equal, treatment.

For the foregoing reasons, any inconvenience Plaintiff may suffer as a result of waiting for the Court to determine his rights after a trial on the merits is substantially outweighed by the significant injury to the integrity of the NBME and the processes it employs should Plaintiff be awarded the injunctive relief he seeks.

### E. Plaintiff Has Not Demonstrated That Granting The Preliminary Injunction Would Not Disserve The Public Interest.

Of extreme importance, the public interest would be disserved if the Court grants the requested preliminary injunction. The public has a right to expect that medical doctors are licensed under standards that ensure that each and every doctor has demonstrated qualification to treat them. The USMLE is one of the methods used by licensing boards to try to best ensure that the public expectation is met. Licensing boards use the exam to determine whether an individual is qualified to become a medical doctor and rely upon the NBME to ensure that exam scores are a valid and reliable indicator. Because licensing boards place their reliance upon the integrity of the exam and upon the NBME's role in connection with the exam, the NBME is necessarily responsible for ensuring that the public expectation and need is met as to the qualifications and competency of those entrusted with

providing medical care. In this case, Plaintiff comes before the Court requesting an injunction **mandating** that the NBME allow him twice the regular time allotted for taking Step 1 of the USMLE - - and potentially other Steps for which Plaintiff has made no applications. Given Plaintiff's failure to appropriately document an ADA disability, this would give Plaintiff an unfair and preferential edge on the exam at the possible expense of safety to the public and fairness to his fellow examinees.[3] The ADA was not enacted to allow a person to manipulate or circumvent the system for their own goals at the public's expense. For these reasons, public interest would be disserved by an injunction that compels the NBME to make an exception to its standards without an appropriately documented reason.

## III.

## CONCLUSION

Plaintiff has a heavy burden to prove each of the four elements by a clear showing before a mandatory preliminary injunction may issue. Plaintiff, however, cannot establish any one of the necessary elements under the applicable heightened standard, much less all four. Further, as discussed above, it is well established that a primary purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits. Under this standard, there is no purpose or reason for a preliminary injunction in this case. In the absence of an injunction, the controversy will remain and the Court will not be deprived of rendering a meaningful decision on the merits. Plaintiff has not established that he will suffer irreparable harm if the

---

[3] Plaintiff is not the only test taker who could benefit from extra time. Many examinees take the test within the regular time even though English is not their first language.

Court does not grant the preliminary injunction. Rather, if the preliminary injunction is denied, Defendant will be deprived of its right to a trial on the merits.

For all of the foregoing reasons, Plaintiff's request for a preliminary injunction must be denied.

Respectfully submitted,

MEHAFFYWEBER, P.C.
Attorneys for Defendants

By: _/s/ Elizabeth Pratt_____
ELIZABETH B. PRATT, Of Counsel
State Bar No. 16239450

Post Office Box 16
Beaumont, Texas   77704
Telephone: 409/835-5011
Telecopier:  409/835-5177


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded via hand delivery to the following on this the __8__ day of April, 2004:

Mr. Kenneth W. Lewis
Mr. Jeffrey Roebuck
Bush, Lewis & Roebuck, P.C.
1240 Orleans Street
Beaumont, Texas   77701

_/s/ Elizabeth Pratt_____
ELIZABETH B. PRATT

BEAULITIGATION:627089.1                       12