


FILED
A.M. _Mau 11_ 20 04
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

## ORDER SETTING CIVIL ACTIONS FOR RULE 16 MANAGEMENT CONFERENCE

The civil actions identified on the attached page are SET for management conference on Tuesday, June 8, 2004. Counsel and unrepresented parties are ORDERED to report to the United States Courthouse at 10:00 a.m. Continuance of the management conference will not be allowed absent a showing of good cause.

Before the case management conference, counsel should review the FEDERAL RULES OF CIVIL PROCEDURE (as amended December 1, 2003) and the LOCAL COURT RULES FOR THE EASTERN DISTRICT OF TEXAS (as amended April 4, 2003). The LOCAL COURT RULES are available on the Eastern District of Texas website (http://www.txed.uscourts.gov).

Counsel should pay particular attention to FED. R. CIV. P. 26(f), which requires parties to confer not less than 21 days prior to the management conference. The Rule 26(f) attorney conference may be conducted over the telephone.

Before commencing the Rule 26(f) attorney conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference. Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge. Parties willing to consent should submit the appropriate form (Appendix "B" to the LOCAL RULES FOR THE EASTERN DISTRICT OF TEXAS) to the district clerk as soon as possible so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

Rule 26(f) requires attorneys of record and all unrepresented parties to attempt in good faith to agree on a proposed docket control order and to file with the clerk no later than 14 days after the conference a joint report outlining their proposals. The joint conference report must be filed no later than 7 days prior to the management conference.

The parties must include the following matters in the joint conference report:

(1) a brief factual and legal synopsis of the case;

(2) whether initial mandatory disclosure has been completed;

(3) suggested modifications of the docket control order deadlines (the Court's proposed docket control order deadlines are attached hereto as Appendix A);

(4) what changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories;

(5) the identity of persons to be deposed;

(6) whether any other orders should be entered by the Court pursuant to FED. R. CIV. P. 26(c), FED. R. CIV. P. 16(b) or FED. R. CIV. P. 16(c);

(7) estimated trial time;

(8) the name of an agreed mediator; and

(9) the names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Failure to submit the joint conference report invites imposition of sanctions specifically authorized by FED. R. CIV. P. 16(f).

Discovery shall not commence until the parties have conferred under Rule 26(f). *See* FED. R. CIV. P. 26(d). After the Rule 26(f) attorney conference, the parties may be deposed. Absent court order, no other depositions will be allowed prior to the management conference. Following the management conference, the Court will enter a docket control order establishing parameters of discovery and setting deadlines controlling disposition of the case.

Nongovernmental corporate parties are directed to review FEDERAL RULE 7.1, which

requires the filing of a corporate disclosure statement contemporaneously with the initial appearance.

Attorneys and *pro se* litigants who appear in this Court must be vigilant in their efforts to comply with the deadlines set forth in the FEDERAL RULES OF CIVIL PROCEDURE, the LOCAL RULES FOR THE EASTERN DISTRICT OF TEXAS and this Court's docket control order.

**SO ORDERED.**

**SIGNED** this the 6th day of May, 2004.

Thad Heartfield
United States District Judge

Appendix A

# PROPOSED DOCKET CONTROL ORDER DEADLINES[1] FOR CASES SET FOR MANAGEMENT CONFERENCE

| | |
|---|---|
| May 18, 2004 | Rule 26(f) conference must occur by this date |
| June 1, 2004 | Joint attorney conference report due |
| June 8, 2004 | Management Conference |
| July 8, 2004 | Deadline to add parties |
| September 6, 2004 | Deadline to file motions for leave to amend pleadings<br>Deadline to file motions to dismiss<br>Deadline to file motions for summary judgement |
| October 6, 2004 | Mediation must occur by this date<br>Disclosure of plaintiff's expert testimony |
| November 16, 2004 | Disclosure of defendant's expert testimony |
| December 7, 2004 | Discovery deadline (excluding expert discovery)<br>Deadline to file motions objecting to experts |
| December 21, 2004 | Plaintiff's portion of pre-trial order sent to defendant |
| December 28, 2004 | Notice of intent to offer certified records |
| January 4, 2005 | Motions in limine due<br>Objections to use of depositions, documents, exhibits, summaries of evidence and exhibits at trial<br>Joint final pre-trial order<br>Proposed jury instructions/form of verdict |
| January 11, 2005 | Response to motions in limine due |
| January 13, 2005 | Pre-marked exhibit list due |
| January 18, 2005 | Dates parties should be prepared to try case |

---

[1] If a deadline falls on a Saturday, Sunday or federal holiday, the effective date is the first federal court business day following the deadline imposed.

## MANAGEMENT CONFERENCES - BEAUMONT, TEXAS
### U.S. District Judge Thad Heartfield, Presiding
### Tuesday, June 8, 2004
### 10:00 a.m.

04-cv-51           TIMOTHY KING, ET AL   V.   PREMCOR REFINING GROUP, INC.

- P:   Steven Barkley
- D:   Keith Kebodeaux

03-cv-882          ENZA CRAVEN   V.   VHA SOUTHWEST COMM. HEALTH CORP

- P:   A. Rodman Johnson
       Donald Wyatt, Jr.
- D:   Dewey Gonsoulin

03-cv-1331         DEBORAH RILEY   V.   VHA SOUTHWEST COMM. HEALTH CORP

- P:   A. Rodman Johnson
- D:   Dewey Gonsoulin

04-cv-53           JENNINGS TYSON GODSY   V.   NBME

- P:   Kenneth Lewis
       Jeffrey Roebuck
- D:   Elizabeth Pratt

04-cv-81           CLARENCE P. BOWMAN   V.   DYNASTY TRASPORTATION INC.

- P:   Joe Ragland
- D:   Michael McGown

04-cv-146          COREY S. BABINEAUX   V.   MARSH WATERPROFFING INC.

- P:   Keith Kebodeaux
- D:   Nathan Brandimarte
       J. Hoke Peacock, II

---

04-cv-129				ANTANISHA NICOLE BUTLER   V.   WILSON INDUSTRIES INC.

      P:    Kenneth Lewis
      D:    Kevin White