IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



| | | |
|---|---|---|
| JENNINGS TYSON GODSY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 1:04-CV-00053 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § § § § | |
| Defendant. | § § | |

## JOINT CONFERENCE REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Jennings Tyson Godsy ("Plaintiff") and Defendant National Board Of Medical Examiners ("NBME") file this Joint Conference Report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, and would respectfully show the Court the following:

1. **A Brief Factual And Legal Synopsis Of The Case:**

    a. **Factual And Legal Synopsis Presented By Plaintiff:**

    This is an action for emergency, preliminary and permanent injunctive relief, and for attorneys' fees and costs incurred in bringing this action based on Defendant National Board of Medical Examiners' refusal to provide reasonable accommodations to Plaintiff Godsy pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.* Godsy is a medical student at the University of Texas Medical School in San Antonio, Texas, and is required to pass the U. S. Medical Licensing Examination

("USMLE") Step 1 and Step 2 before the end of his 4th year. Godsy has previously applied for the Step 1 test and requested accommodations. The NBME denied his request and illegally refused to accommodate Godsy's disability. Because the NBME denied his request, Godsy was required to take the exam without accommodations and did not pass. Godsy applied for and took the examination a second time without accommodations and came within 3 points of passing the exam. Godsy requires additional time to take the tests as a reasonable accommodation of his learning disability, and by refusing to provide Godsy additional time to take the USMLE Step 1, the NBME is violating the ADA. Godsy seeks a preliminary and permanent injunction prohibiting the NBME from continuing its violation of Plaintiff's ADA rights and compelling the NBME to allow Godsy to take the Step 1 examination with appropriate accommodations and then the Step 2 exam with appropriate accommodations when he passes the Step 1 examination. NBME's actions are in violation of the ADA, including 42 U.S.C. § 12189.

    b.    **Factual And Legal Synopsis Presented By Defendant:**

Defendant is responsible for ensuring that the USMLE effectively and impartially tests the ability of individuals seeking medical licensure. The exam tests the minimum knowledge required to be a physician. Medical licensing boards rely on the examinations as indicators of an individual's competency and require successful completion of the three-step exam as a prerequisite to obtaining a license to practice medicine.

Defendant denies that plaintiff is entitled to any of the relief sought, including any injunctive relief of any kind. Plaintiff has failed to satisfy any of the mandatory elements required for issuance of an injunction.

Defendant maintains that plaintiff is not a qualified individual with a disability as that term is defined by the Americans with Disabilities Act. Plaintiff has not demonstrated that he has any impairments that substantially limit any of his major life activities. Plaintiff has not demonstrated that any limitations he may have substantially limit him as compared to the general population, nor has plaintiff demonstrated that any limitations merit the accommodations requested. Accordingly, the plaintiff is not entitled to the accommodations sought and those accommodations would, under the factual circumstances presented, be unreasonable and unjustified. Accommodations are to be provided only based upon need and must be carefully tailored to the activity at issue. Rather than granting plaintiff an "equal playing field," granting the accommodations sought would give the plaintiff an unfair advantage as compared to other examinees.

In addition to being substantively barred from recovery because of his failure to establish that any protected rights under the ADA have been violated, the plaintiff is also barred from recovering any injunctive relief in this matter due to his laches in pursuing the relief sought in this litigation. Any recovery is also barred by his lack of standing to assert any claims for relief relating to post – 2002 events.

Defendant's legal and factual position in this matter are more fully set forth in Defendant's Memorandum of Law: the Americans with Disabilities Act; Defendant's Brief in Opposition to Plaintiff's Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial; and, Defendant's Supplemental Opposition to Plaintiff's Requested Preliminary Injunction. In the interest of brevity, defendant respectfully refers the Court to those documents for a more thorough discussion of defendant's contentions.

2. **Whether Initial Mandatory Disclosure Has Been Completed:**

Initial mandatory disclosure has not been completed, but the parties have agreed to do so by June 7, 2004, reserving the right to supplement. The parties have exchanged information informally in connection with the preliminary injunction hearing, as well as formally offering exhibits at that hearing.

3. **Suggested Modifications Of The Docket Control Order Deadlines:**

None at this time.

4. **What Changes, If Any, Should Be Made To The Limitations On Discovery Imposed By The Rules, Including The Number Of Depositions And Interrogatories:**

None at this time.

5. **The Identity Of Persons To Be Deposed:**

   (a) Plaintiff anticipates deposing the following:

   1. Nancy L. Nussbaum, Ph.D.;
   2. Joseph Bernier, Ph.D.;
   3. Tanya Goldbeck, M.Ed.;
   4. Claire Jacobs, Ph.D.;
   5. Representatives of the National Board of Medical Examiners; and,
   6. Representatives from the Bridge City Independent School District Educational Testing/Counseling Department

   (b) Defendant anticipates deposing the following:

   1. Plaintiff;
   2. Claire Jacobs, Ph.D.;
   3. Janet Beard and/or other representatives of the Bridge City Independent School District Educational Testing/Counseling Department;
   4. Tanya Goldbeck, M.Ed.;
   5. Donald Trahan, Ph.D.; and,
   6. One or more representatives of the medical school attended by plaintiff.

The parties reserve the right to identify additional deponents as discovery progresses.

6. **Whether Any Other Orders Should Be Entered By The Court Pursuant To Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c):**

None at this time.

7. **Estimated Trial Time:**

1-2 days

8. **The Name Of An Agreed Mediator:**

The parties believe that they will be able to agree upon a mediator and have agreed to do so by July 15, 2004.

9. **The Names Of The Attorneys Who Will Appeal On Behalf Of The Parties At The Management Conference (The Appearing Attorney Must Be An Attorney Of Record And Have Full Authority To Bind The Client):**

Ken Lewis – plaintiff

Elizabeth Pratt – defendant

            Respectfully submitted,

            BUSH, LEWIS & ROEBUCK, P.C.
            Attorneys for Plaintiff

            By: *Ken Lewis /by permission*
            KENNETH W. LEWIS
            State Bar No. 12295300

1240 Orleans Street
Beaumont, Texas 77701
Telephone: (409) 835-3521
Telecopier: (409) 835-4194

MEHAFFYWEBER, P.C.
Attorneys for Defendant

By: *Elizabeth Pratt*
ELIZABETH B. PRATT, Of Counsel
State Bar No. 16239450

Post Office Box 16
Beaumont, Texas  77704
Telephone: 409/835-5011
Telecopier:  409/835-5177