

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2004 JUN -4 PM 1: 42
TX EASTERN-BEAUMONT

| | | |
|---|---|---|
| JENNINGS TYSON GODSY, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:04-CV-53 BC |
| v. | § | |
| | § | |
| NATIONAL BOARD OF MEDICAL | § | 1:04cv53 |
| EXAMINERS, | § | |
| Defendant. | § | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INUNCTION

Plaintiff, JENNINGS TYSON GODSY ("GODSY"), files this Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction, and in support thereof, would show this Court as follows:

### INTRODUCTION

1.      A hearing was held on this matter on April 8, 2004. At the hearing, the court requested that Plaintiff's expert, Dr. Donald Trahan, provide Defendant's expert, Dr. Nancy Nussbaum, with the testing data which formed the basis of Dr. Trahan's report and opinions. The requested information was provided. Subsequently, counsel for NBME requested that Plaintiff's counsel also acquire similar testing data from Dr. Claire Jacobs, the San Antonio neuropsychologist to whom Plaintiff's medical school dean suggested Plaintiff see for testing to support the original accommodation request. Without a court order, Plaintiff's counsel procured and provided these additional materials. Dr. Nussbaum, in turn, produced a new report. Dr. Nussbaum's report was provided to Dr. Trahan who has since also prepared a supplemental report. [Dr. Trahan's Report attached as Exhibit 1].

2.      The issue before the court is whether Plaintiff has a learning disability as defined by the ADA and requiring the NBME to grant Plaintiff accommodations to take the USMLE test, and, if so, whether the court should enter a preliminary injunction to allow Plaintiff to take the test with accommodations.  The court has heard testimony from both sides and now has been provided with additional reports from both the Plaintiff's and Defendant's expert.  However, even with this additional information, Defendant still cannot say that Plaintiff does not have a learning disability, but only that in Dr. Nussbaum's opinion the documentation does not clearly show a learning disability.

3.      In reality, the facts of this case are very clear.  From high school to the most recent evaluation by Dr. Trahan, every professional that has tested and examined Plaintiff has diagnosed him with a learning disability.  As outlined in Dr. Trahan's supplemental report, the testing data supports such a diagnosis.  The only professional who did not diagnose a learning disability is the Defendant's expert who has never tested or examined Plaintiff, and who herself has never said Plaintiff has no learning disability.

4.      The evidence before the court shows that Plaintiff has a learning disability as defined by the ADA and is entitled to have his disability accommodated by the NBME.  A preliminary injunction is necessary to prevent any further harm to Plaintiff and his career. Plaintiff again requests that the court enter a preliminary injunction allowing Plaintiff the accommodations he needs to take the USMLE Step 1.

### DR. NUSSBAUM'S SUPPLEMENTAL REPORT

5.      In her supplemental report, Dr. Nussbaum concluded that:

Unfortunately, we do not have the ***most thorough*** database on which to make a judgment regarding the accuracy of the diagnosis of a reading

2

disorder that would require accommodations on the USMLE.   However, there is a wealth of documentation that does not **clearly** support this diagnosis and requested accommodations." [Nussbaum Report at p. 5 (emphasis added)]

6.    Defendant cannot and has not said that Plaintiff has no learning disability. Defendant's position, based upon the report and testimony of Dr. Nussbaum,  is only that the documentation provided by Plaintiff is not adequate (in her sole opinion) to establish a diagnosis of a learning disability requiring accommodations.  Further, Dr. Nussbaum does not unequivocally opine that the documentation does not support the diagnosis, but instead qualifies her position by saying that the "documentation does not **clearly** support this diagnosis."  Further, Dr. Nussbaum does not even address the testing performed by Tonya Goldbeck.  As discussed by Dr. Trahan, the Goldbeck testing, even when viewed under Dr. Nussbaum's standards, shows that Plaintiff has a learning disability. Furthermore, Goldbeck provides a thorough analytical explanation with her educational testing data of exactly how the disability impacts Plaintiff's processing speed when reading and responding to written instructions and questions.  Unfortunately, Dr. Nussbaum's report carefully picks and chooses what underlying data to use and then proceeds in artful advocacy to analyze only the data supporting NBME's position.  Dr. Nussbaum then cavalierly concludes (as previously predicted by NBME's counsel) that no additional testing could ever be helpful and that the previous testing fails to "clearly" show a disability.

### DR. TRAHAN'S SUPPLEMENTAL REPORT

7.    Dr. Trahan, the only testifying expert to have actually examined and tested Plaintiff, continues to unequivocally opine that Mr. Godsy has a learning disability.  As discussed in more detail in Dr. Trahan's supplemental report attached hereto and

3

incorporated herein, Dr. Trahan explains that learning disability in detail. Specifically, Plaintiff has observable deficits in reading speed and rate of information processing, issues astutely avoided by Defendant's expert. Dr. Trahan has consistently held that Plaintiff has a learning disability and the accommodations requested are reasonable and appropriate to accommodate Plaintiff's disability. Dr. Trahan has further explained his opinions in his supplemental report with great clarity and emphatically disputes Dr. Nussbaum's interpretations and conclusions.

## CONCLUSIONS

8.      The NBME and its expert have concluded that the wealth of documentation provided by Godsy does not "clearly" support the diagnosis of his disability and entitlement to accommodations under the ADA to take the USMLE Step 1 examination. Further, they have concluded that no additional testing would be helpful in clarifying the diagnosis. Interestingly, they would have the Court look at how well Godsy did on testing on which he was granted accommodations to show he has no disability and needs no accommodation. The NBME argues on one hand that additional time would not help Godsy because he simply does not have a grasp of the testing material and on the other hand that he should not be granted that additional time under their criteria – in part because his testing strategies without the accommodations (which allowed him to complete all questions on two tests under the duress of not having accommodations) did not use all the time he had available. Such analysis is at best a circuitous argument.

9.      The NBME and its expert have now "clearly" defined the issue before the Court: Either accept or reject the conclusions of Dr. Trahan and the other various diagnosticians who have tested and reported on Godsy's disabilities since junior high

4

school because no other evidence would be worthy of consideration and the NBME's best opinion is that the current evidence does not clearly prove Godsy's disability.  Godsy and Dr. Trahan emphatically interpret the testing data differently from the NBME and strongly urge that their interpretation be used in applying the law and granting the requested accommodations to take the USMLE Step 1 exam.

## PRAYER

Plaintiff requests that this Court grant his request for a preliminary injunction directing that the NBME immediately cease and desist from its refusal to accommodate Plaintiff's request for reasonable accommodations on the USMLE Step 1 examination and ordering that the NBME immediately comply with the ADA by allowing Plaintiff the requested accommodation of double the standard time in which to take the USMLE Step 1 examination; and then the Step 2 examination, awarding such other and further relief as may be appropriate, in law or in equity, to which Plaintiff may otherwise by entitled.

Respectfully submitted,

BUSH, LEWIS & ROEBUCK, P.C.
1240 Orleans Street
Beaumont, Texas 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis, Attorney-In-Charge
Texas Bar #12295300
Jeffrey T. Roebuck, Of Counsel
Texas Bar #24027812

ATTORNEYS FOR PLAINTIFF
JENNINGS TYSON GODSY

5

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a true and correct copy of the above and foregoing document has been furnished to all counsel of record by hand delivery on this the _____ day of June, 2004.

Elizabeth B. Pratt                    **VIA HAND DELIVERY**
Mehaffy Weber, P.C.
2615 Calder, Suite 800
Beaumont, TX 77702

Kenneth W. Lewis

6

# Exhibit 1

SEALED